ESTÉVEZ v. NEW YORK LIFE INSURANCE Co.

APPEAL from the District Court of San Juan.

No. 443.—Decided April 19, 1910.

LIFE INSURANCE—ACTION TO RECOVER AMOUNT OF POLICY—SUFFICIENCY OF COMPLAINT—DEMURRER.—From the complaint filed in this case it appears that

José Estévez Torres, together with his wife, Asunción Burgos, made application for mutual life insurance in the sum of $1,000, to the New York Life Insurance Co.; that for such insurance he paid the agent of the said company in this city the sum of $5; that the application was acknowledged by the president of the company, stating that it was receiving careful consideration and that he hoped to be able to issue a policy thereon; that the policy was issued while both applicants were still living and forwarded to the agent of the company, and that the agent presented the policy to José Estévez, but refused to deliver the same and receive the full amount of the premium for the insurance, because of the fact that Asunción Burgos had died 24 hours before the presentation of the policy. *Held:* That these facts are sufficient to constitute a cause of action for the recovery of the amount of the policy, because they show the existence of a valid contract of insurance upon the life of the plaintiff, and the necessary requisites of the contract are present, which are the consent of the contracting parties, the definite object of the contract, and the consideration therefor.

ID.—TOTAL PAYMENT OF FIRST PREMIUM—DELIVERY OF POLICY TO THE INSURED.— The Code of Commerce contains no provision governing contracts for life insurance which require as an essential condition to the perfection of the contract that the whole of the first premium shall be paid and that the policy be delivered to the insured.

ID.—Although the full payment of the first premium and the delivery of the policy to the insured are conditions which may be agreed upon as a requisite to the perfection of the contract of insurance, it does not appear that in this case any such agreement was made, and this court cannot presume the existence thereof to the prejudice of the plaintiff and for the benefit of the defendant, but must confine itself to the facts set forth in the complaint in the consideration and decision of the demurrer.

ID.—ALLEGATIONS OF COMPLAINT—OMISSION OF FACTS FAVORABLE TO DEFENDANT.—Where the plaintiff in his complaint omits facts which might prejudice his case and be favorable to that of the defendant, it is the duty of the defendant to allege such facts as a defense in his answer, and then only, and from the evidence taken at the trial, a decision may be reached in accordance with the law.

The facts are stated in the opinion.

*Mr. Wenceslao Bosch* for appellant.

*Messrs. Hartzell & Rodríguez Serra* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

A sworn complaint was filed in the First Section of the District Court of San Juan on June 26, 1909, reading as follows:

"José Estévez Torres appears through the undersigned attorney and states:

"That he files this complaint against the New York Life Insurance Co. alleging the following facts:

"I. José Estévez Torres and Asunción Burgos signed an application for insurance for $1,000 addressed to the New York Life Insurance Co., of a mutual character—that is to say, that upon the death of José Estévez said $1,000 would be paid to his wife Asunción Burgos, and that if her death should precede that of her husband, said José Estévez would receive the said $1,000.

"II. Under date of April 13, 1909, José Estévez paid the sum of $5 for such insurance, receiving from the agent, Geo. Marxuach, a receipt in which the mention of the said $5 paid was omitted, but this party has information that the said payment is entered in the office which the said New York Life Insurance Co. has in this city.

"III. The application for life insurance having been forwarded to the New York office of said company, the latter wrote a letter, on April 28, of said year 1909, to José Estévez Torres, signed by Darwin P. Kingsley, the president of said company, which reads as follows:

"Mr. José Estévez Torres, San Andrés Street 12, Puerta de Tierra, San Juan, Porto Rico. Dear Sir: We have received and thank you for your application for life insurance in this company, which application is now receiving our careful consideration. The New York Life Insurance Co. has an honorable history of 64 years and during this long period of time has never failed to meet its obligations. The company is mutual and has no stock. The administrative powers of the company are exercised by a board of directors (whose members are elected by the policy holders), and by the officers which said board of directors appoints. If we issue a policy on your application as we hope to be able to do, the company does not become for you a mere corporation, but becomes your property which you must defend and protect. The annual election of the members of the board of directors is held the second Wednesday in April of each year. Every person insured whose policy has been in force for one year or more, is entitled to a vote for each member of the board. The situation of the company is solid and solvent in every respect. That it retains the confidence of its members and that its assets are of the first class is fully shown by the fact that its receipts in 1908 amounted to $102,-400,000. In order that you may have fuller information, we take pleasure in inclosing a copy of the detailed annual report of the company for the year 1908. We are always ready to receive suggestions and criticisms, and any communication received from you will have our prompt and careful attention. With sentiments of consid-

eration and esteem, I am your obedient servant, Darwin P. Kingsley, President."

"IV. The said contract for the mutual insurance of José Estévez and his wife Asunción Burgos, with the New York Life Insurance Co. was perfected, the parties agreeing thereto and the central office issuing in the month of April or May, of said year 1909, the respective insurance policy, and forwarding it to the agency in this city.

"V. On June 2, 1909, Asunción Burgos, the wife of José Estévez, insured by the said policy, died in this city.

"VI. On the third of the current month of June, the agent of the New York Life Insurance Co., Geo. Marxuach, presented the said policy to José Estévez, but refused to deliver it to the latter and receive the full amount of the first insurance premium, alleging that said instrument was no longer in force on account of the death of Asunción Burgos 24 hours before the delivery of said policy issued by the underwriting company.

"VII. The said company, or rather its agency in San Juan, has been called on to pay the $1,000, the amount of the insurance on account of the death of Asunción Burgos, and subsequently, by notarial act No. 289 of the 21st instant, it was called on to receive the amount of the first premium of the said insurance, and to deliver the policy referred to, such demands having been fruitless.

"For these reasons I pray the court to render judgment adjudging the New York Life Insurance Co. to pay the $1,000 of the insurance policy (with interest?), from this date to the date of payment, and the costs.

"San Juan, Porto Rico, June 25, 1909. (Signed) Wenceslao Bosch, Attorney for José Estévez Torres."

The defendant company demurred to the foregoing complaint on the ground that it does not state facts sufficient to constitute a cause of action, and concluded with the prayer that it be dismissed with the costs against the plaintiff.

The court after having heard the allegations of the parties, both written and oral, rendered judgment on August 31 of the same year, sustaining the demurrer to the complaint and dismissing the latter, without any special taxation of costs, from which judgment counsel for the plaintiff took an appeal to this Supreme Court, in which a copy of the judgment

roll certified to by the secretary of the inferior court has been received.

Both parties have sustained their respective contentions in their briefs and oral arguments, the plaintiff praying for the reversal of the judgment appealed from, and the respondent its affirmation.

We have purposely inserted the complaint in full because a mere perusal thereof is sufficient to convince *prima facie,* that the facts on which it is based are sufficient to constitute the cause of action exercised, as we will show.

It appears from the complaint that José Estévez Torres made an application with his wife, Asunción Burgos, for mutual insurance for $1,000 in the New York Life Insurance Co.; that for such insurance he paid the agent of said company in this city the sum of $5; that the application was answered by the president of the company to the effect that it was receiving careful consideration and he hoped to be able to issue a policy thereon; that the policy was issued while both applicants were still living, having been forwarded to the agent of the company in San Juan; and that the agent presented the policy to José Estévez, but refused to deliver it and receive the full amount of the first insurance premium, on account of the death of Asunción Burgos 24 hours before the presentation of the policy.

These facts show the existence of a valid contract of insurance on the life of José Estévez Torres and Asunción Burgos, because they entail the elements which go to make up all contracts, as specified in section 1228 of the Civil Code, namely, the consent of the contracting parties, a definite object of the contract, and a consideration.

José Estévez Torres and Asunción Burgos informed the defendant company in a written application of their wish to obtain a mutual insurance policy, and the company acceded thereto, issuing and forwarding it to their agent in San Juan. Here we have the consent of the contracting parties.

A mutual insurance policy was applied for and issued in

favor of said spouses for the sum of $1,000. Here we have the definite object of the contract.

José Estévez Torres paid for the insurance the sum of $5, which the underwriting company received through its agent, retaining it; and the company accepted the risk on the lives of the two insured from the moment it issued, during their lifetime, and forwarded the policy to its agent in San Juan. Here we have the consideration for the contract.

We do not find in the Code of Commerce among the provisions governing life insurance contracts any provision whatsoever that requires, as an essential condition for the perfection thereof, the full payment of the first premium and the delivery of the policy to the insured; and although such conditions may be stipulated in the said contract, it does not appear that they had been stipulated in this contract, and it is not possible for us to assume their existence to the prejudice of the plaintiff and the advantage of the defendant, because we must confine ourselves to the facts alleged in the complaint in considering and deciding the demurrer thereto.

If the plaintiff has omitted in his complaint facts which may prejudice him and favor the defendant, it devolves upon the latter to allege them in his defense in his answer, and only then and by virtue of the evidence presented at the trial would it be possible to reach the conclusion which may be proper in law.

Now it devolves on us to determine only whether or not the facts alleged in the complaint constitute a cause of action, and after such examination we cannot but arrive at an affirmative decision, invoking the reasons heretofore set forth which are supported by decisions of the Supreme Courts of some of the States of the Union rendered in the following cases: *Blanchard* v. *Waite,* Am. Dec., 48, p. 474; *Cooper* v. *Pacific Mutual Insurance Co. of California,* Nev. Am. Rep., 8, p. 705; *Commercial Insurance Co.* v. *Hallock,* N. J. Am. Dec., 72, p. 379.

Therefore, we are of the opinion that the judgment of the Judge of the First Section of the District Court of San Juan, of August 21 last, should be reversed, and said judge shall proceed to hear and determine the action in accordance with the law.

*Reversed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.